# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHRISTINA RENEA BURNSIDE, )<br>      Plaintiff, )<br>v. )<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>      Defendant. ) | No. 3:17-CV-324-D |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christina Renea Burnside ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including human immunodeficiency virus, bipolar disorder, congestive heart failure, chronic obstructive pulmonary disease, sleep apnea, hypothalassemia, and hypertension. Tr. 46, ECF No. 12-4; Tr. 75, ECF No. 12-4. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 25, 2016 in Dallas, Texas before ALJ Kevin Batik (the "ALJ"). Tr. 44, ECF No. 12-3. Plaintiff was born on December 23, 1970, and at the time of the hearing, Plaintiff was 45 years old. Tr. 75, ECF No. 12-4; Tr. 44, ECF No. 12-3. Plaintiff has a GED and a nursing assistant certification. Tr. 50, ECF No. 12-3. Plaintiff has past work experience as a handicraft shop manager, a wellness coordinator, and a

home attendant. Tr. 65-66, ECF No. 12-3. Plaintiff has not engaged in substantial gainful activity since February 3, 2011. Tr. 24, ECF No. 12-3.

The ALJ issued his decision on August 19, 2016 finding that Plaintiff has not been under a disability as defined in the Social Security Act from February 3, 2011 through the date of his decision. Tr. 36, ECF No. 12-3. The ALJ determined that Plaintiff had the following severe impairments: human immunodeficiency virus, chronic obstructive pulmonary disease, obesity, chronic heart failure, gastroesophageal reflux disease, sleep apnea, depression, bipolar disorder, and thalassemia. Tr. 24, ECF No. 12-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 26, ECF No. 12-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except Plaintiff must avoid exposure to dust, fumes, odors, and pulmonary irritants. Tr. 28, ECF No. 12-3. The ALJ also determined that Plaintiff could understand, remember, and carry out simple tasks and instructions, occasionally interact with coworkers, supervisors, and the public, but must avoid work at production rate pace. Tr. 28, ECF No. 12-3. The ALJ determined that Plaintiff could not perform any past relevant work, but Plaintiff could perform the requirements of other representative occupations such as: (1) an addresser; (2) a document preparer; and (3) a patcher. Tr. 34-35, ECF No. 12-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on December 12, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 12-3. Plaintiff subsequently filed this action in the district court on February 3, 2017. Compl., ECF No. 1.

# **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v.*

4

*Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## **ANALYSIS**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence, because the ALJ failed to accommodate all of Plaintiff's limitations. Pl.'s Br. 4, ECF No. 14-1. Plaintiff contends that the ALJ's RFC finding is not consistent with the evidence of the record, because Plaintiff is not able to perform sedentary work on a sustained basis. Pl.'s Br. 4-5, ECF No. 14-1. Plaintiff states that the record demonstrates that she received medical treatment, had hospital admissions, and went for labs more than three times per month on average, and that she testified having medical appointments three to five time per month. Pl.'s Br. 5, ECF No. 14-1. Plaintiff argues that these days do not include the days where she would have to miss work due to exacerbation of her symptoms which Plaintiff testified could last anywhere from three days to two weeks at a time. Pl.'s Br. 5, ECF No. 14-1. In addition, Plaintiff points out that consultative examining psychologist, Dr. Rosemary Brucken opined that Plaintiff "may have difficulty persisting in work related activity at a reasonable pace due to mood fluctuation and medical issues," and argues that there is no evidence in the record that supports a finding that Plaintiff would be able to sustain competitive full time employment on a regular and continuing basis. Pl.'s Br. 5, ECF No. 14-1; Tr. 804, ECF No. 12-

4. Plaintiff argues that, because the vocational expert testified that more than three absences per month would preclude competitive employment, Plaintiff would not be able to maintain competitive employment due to excessive absences. Pl.'s Br. 5, ECF No. 14-1.

The Commissioner argues in her response that, while Plaintiff criticizes the ALJ for not explicitly finding that Plaintiff could work on a sustained and continuing basis, the Fifth Circuit does not require the ALJ in all cases to make a separate finding that a claimant can maintain employment. Def.'s Br. 6, ECF No. 15-1 (citing *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005); *Frank v. Barnhart*, 326 F.3d 618, 618 (5th Cir. 2003); *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003)). The Commissioner argues that, as the Fifth Circuit in *Dunbar* noted, the ability to perform work on a continuing and regular basis is inherent in the definition of RFC. Def.'s Br. 6, ECF No. 15-1 (citing *Dunbar*, 330 F.3d at 672). In addition, the Commissioner argues that, as the Fifth Circuit in *Perez* made clear, a claimant's own assertion of exacerbation of symptoms is not enough to trigger the requirement that an ALJ make a separate finding on ability to maintain employment. Def.'s Br. 6, ECF No. 15-1 (citing *Perez*, 415 F.3d at 465). Furthermore, the Commissioner argues that, while Plaintiff relies on the opinion of consultative psychologist Dr. Rosemary Brucken who opined that Plaintiff may have difficulty persisting in work-related activities, Dr. Brucken's examination also showed the following: (1) appropriate hygiene and grooming; (2) normal posture and gait; (3) normal motor skills; (4) no report or evidence of illogical thinking, overvalued ideas, or delusions; (5) full orientation; (6) average range intelligence; and (7) adequate remote memory, insight, and judgment. Def.'s Br. 7, ECF No. 15-1. Moreover, the Commissioner argues that the ALJ properly gave "partial weight" to Dr. Brucken's opinions and noted that the record did not support the opinion that Plaintiff may have difficulty persisting in work-related activities but that the overall record supported the

limitations set forth in the RFC finding. Def.'s Br. 7, ECF No. 15-1 (citing Tr. 32-33, ECF No. 12-3).

"Disability determinations turn on whether applicants can perform substantial gainful activity." *Todd v. Astrue*, Civ. Action No. H-09-2687, 2010 WL 3894102, at *12 (S.D. Tex. Sept. 30, 2010). "Substantial gainful activity contemplates a capacity for employment on a regular and continuing basis." *Id.* (citing *Frank*, 326 F.3d at 621). "The Commissioner's regulations require administrative adjudicators to determine RFC for work activity 'on a regular and continuing basis.'" *Id.* (citing 20 C.F.R. § 404.1545(b)). "Work on a regular and continuing basis means '8 hours a day, for 5 days a week, or an equivalent work schedule.'" *Id.* (citing S.S.R. 96-8p). "In absence of an express finding, reviewing courts generally assume that administrative assessments of RFC include implicit findings of ability to work on a regular and continuing basis." *Id.* (citing *Frank*, 326 F.3d at 619). "Only when medical or other evidence shows that symptoms caused by a severe impairment 'wax and wane' is a separate, explicit finding required." *Id.* "Evidence that a claimant has 'good days and bad days' does not rise to the level anticipated by *Frank* [] and does not require a separate finding of an ability to maintain employment." *Heck v. Colvin*, No. 15-3483, 2016 WL 4004577, at *17 (E.D. La. Apr. 6, 2016) (citing *Perez*, 415 F.3d at 465).

The record does not establish that Plaintiff's symptoms "waxes and wanes" in intensity such that her ability to maintain employment was not adequately taken into account in the ALJ's RFC determination. *See Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. 2008) (citing *Perez*, 415 F.3d at 465) ("Barratt has not offered evidence that he could work only in short spurts, or that his condition otherwise waxes and wanes in a manner that prevents him from maintaining employment. Nor has he shown that the ALJ failed to include any fluctuations in his symptoms in the RFC determination. Without such a showing, Barratt's ability to maintain employment is

7

subsumed in the RFC determination."). Therefore, as the Commissioner argues, the ALJ did not need to make a separate finding that Plaintiff could maintain employment.

While Plaintiff contends that she testified that her treatments, labs, appointments, and exacerbation of symptoms would cause excessive absences that would preclude competitive employment, the ALJ found that the extent of Plaintiff's allegations were not substantiated by the record. *See* Pl.'s Br. 5, ECF No. 14-1; Tr. 34, ECF No. 12-3. Furthermore, it is plausible that Plaintiff's appointments/treatments/labs could be of such duration and take place at times that could be accommodated by Plaintiff's work schedule so as not to exceed the absences allowable to maintain competitive employment. In addition, as the Commissioner points out, the ALJ considered Dr. Brucken's findings that Plaintiff had: (1) appropriate hygiene and grooming; (2) posture and gait within normal limits; (3) normal motor skills; (4) no evidence of delusions, overvalued ideas, or illogical thinking; (5) full orientation; (6) average range intelligence; and (7) adequate remote memory, insight, and judgment. Tr. 32-33, ECF No. 12-3. The ALJ also noted that Plaintiff reported that she could: (1) complete her personal care; (2) manage her finances and transportation; (3) interact with her grandchildren; (4) shop in stores; (5) cook; (6) read; and (7) complete light household chores. Tr. 33, ECF No. 12-3. The ALJ may consider such daily living activities in assessing disability. *See Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995).

As previously discussed, an "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9. Furthermore, the Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. The undersigned finds that substantial evidence supports the final decision of the

Commissioner and that it should be affirmed.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 14], and GRANT the Commissioner's Cross-Motion for Summary Judgment [ECF No. 15].

SO RECOMMENDED, this 4th day of December, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).